UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RONALD D.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 24-10744<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 9, 12)**

I.  **Introduction**

Plaintiff Ronald D. appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 8; ECF No. 9; ECF No. 12. After review of the record, the Court **ORDERS** that:

- Plaintiff's motion (ECF No. 9) is **DENIED**;
- the Commissioner's motion (ECF No. 12) is **GRANTED**; and

- the ALJ's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## II.  Background

### A.  Plaintiff's Background and Disability Application

Born in October 1973, plaintiff was 47 years old when he applied for DIB in September 2021, with an alleged disability onset date of September 2, 2021.  ECF No. 5-1, PageID.38, 48.  He had past relevant work as a welder.  *Id.*, PageID.47.  Plaintiff claimed disability from schizophrenia, agoraphobia, back pain with surgeries, extreme anxiety, bipolar disorder, and depression.  *Id.*, PageID.87.

After a hearing, during which plaintiff and a vocational expert (VE) testified, the ALJ found plaintiff not disabled.  *Id.*, PageID.38, 49.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  *Id.*, PageID.22.  Plaintiff timely filed for judicial review.  ECF No. 1.

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

3

the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled.  At the first step, he found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 2, 2021.  ECF No. 5-1, PageID.41.  At the second step, he found that plaintiff had the severe impairments of degenerative disc disease; status-post L4-S1 fusion; degenerative joint disease of the right shoulder; left carpal tunnel syndrome; bipolar disorder; major depressive disorder; post-traumatic stress disorder (PTSD); generalized anxiety disorder; schizoaffective disorder; and substance abuse disorder.  *Id*.  Next, the ALJ concluded that none of plaintiff's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  *Id.*, PageID.41-43.

Between the third and fourth steps, the ALJ found that plaintiff had the RFC to perform a reduced range of light work,[2] except that he

> can occasionally climb stairs or ramps, but never climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and crawl and balance on narrow, slippery, or erratically moving surfaces; can occasionally reach overhead with the right dominant upper extremity and frequently reach in all other

---

[2] Light work involves occasionally lifting or carrying 20 pounds at a time, frequently lifting or carrying ten pounds at a time, and standing or walking for six hours out of an eight-hour workday.  20 C.F.R. § 404.1567(b); Social Security Regulation (SSR) 83-10.

4

> directions with the upper extremity; can frequently, but not constantly, handle and finger with the left non-dominant upper extremity; can have no exposure to vibration, such as vibratory tools or machinery, must avoid hazards such as unprotected heights or dangerous moving machinery; is limited to simple and routine tasks performed in a work environment free of fast-paced production and low stress work, which is defined as involving only simple, work-related decisions and routine work place changes; is limited to occasional interaction with co-workers and supervisors and no transactional interaction with the public, i.e. sales, negotiation, customer service or resolution of disputes; and the work itself should deal with things rather than people with no tandem tasks or teamwork required.

*Id.*, PageID.43. At step four, the ALJ found that plaintiff cannot perform past relevant work. *Id.*, PageID.47. After considering plaintiff's age, education, work experience, and RFC, the ALJ determined at the final step that there were jobs in significant numbers that plaintiff could perform, including positions as an inspector, electronics worker, and mail clerk. *Id.*, PageID.48-49.

### III. Analysis

#### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[3] and

---

[3] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

5

conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

**B.**

Plaintiff argues that the ALJ's RFC assessment is flawed because he did not adequately address four medical opinions. ECF No. 9, PageID.671-679. The Court disagrees and affirms the ALJ's decision.

ALJs must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors. 20 C.F.R. § 404.1520c(b)(2). "But the regulations only require ALJs to discuss the first two—supportability and consistency." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021). Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1). An opinion that is more consistent with the evidence from other medical sources and nonmedical sources is also more persuasive. 20 C.F.R. § 404.1520c(c)(2).

**1.**

Plaintiff claims that the ALJ did not properly explain why he found the state-agency consultant opinions to be only partially persuasive. ECF No. 9, PageID.673-675. He contends that the ALJ "rejected" the state agency opinions and improperly speculated about his social limitations by

substituting his own lay opinion for that of the state-agency consultants. *Id.*, PageID.673-674.  But the ALJ did not reject the consultants' opinions. Rather, the ALJ found that the state agency's opinions about plaintiff's limitations in social interactions were vague and "unclear to what extent he is capable of interacting with coworkers and supervisors."  ECF No. 5-1, PageID.46.  The ALJ then assessed an RFC with more specific limitations for plaintiff's social interactions.  *Id.*, PageID.43, 46.  This was not error. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding.").

**2.**

Plaintiff also argues that the ALJ improperly evaluated the opinions of Daniel Fachting, Ph.D., and Marina Bogdayvone, M.D., by cherry-picking the record without offering any rationale for his decision.  ECF No. 9, PageID.675-678.  The Court disagrees and finds that the ALJ sufficiently explained how he considered these opinions.

The ALJ found Dr. Fachting's opinion unpersuasive.  ECF No. 5-1, PageID.46.  Dr. Fachting opined that plaintiff could not work "due to the unpredictable nature of the PTSD, Bipolar Disorder, and Schizoaffective

8

Disorder symptoms, a history of impulsive emotional outbursts, and fear or crowds." *Id.*, PageID.461.  And he believed that plaintiff had no "ability to carry out more than simple directions, maintain concentration, get along with coworkers, manage work pressure, or respond appropriately to supervision." *Id*.  But the ALJ found Dr. Fachting's opinion unpersuasive because his "notes indicate[d] minimal observations/clinical findings" and did "not support the severity of the opined limitation." *Id*., , PageID.46.

The ALJ also found Dr. Fachting's opinion to conflict with the record, citing treatment notes that plaintiff's symptoms were well controlled when he was medication compliant and sober.  *Id.*, PageID.46.  As an example, the ALJ cited a May 2021 medical report stating that plaintiff's symptoms were well-controlled before he quit taking his medication.  *Id.*, PageID.308.  The ALJ noted that plaintiff's improvement on medication was also reflected in a report from plaintiff's co-worker that plaintiff was "a go-getter" for two years but, in the third year, started to miss work and became "fidgety and nervous and began messing stuff up." *Id.*, PageID.45 (citing *id.*, PageID.294).

Plaintiff argues that the May 2021 report pre-dated the September 2021 alleged onset date.  ECF No. 9, PageID.675.  But the ALJ also cited more recent records showing that plaintiff had intact memory,

9

concentration, and attention when he was engaged in treatment and abstaining from drugs.  ECF No. 5-1, PageID.46.  In August 2021, plaintiff's condition gradually improved and stabilized over the course of his five-day hospitalization.  *Id*., PageID.45 (citing *id*., PageID.318).  During a visit in January 2022, plaintiff reported that he was taking his medication with no side effects and had not used methamphetamine for three weeks.  *Id*., PageID.46 (citing *id*., PageID.507).  Plaintiff's mental status exam that day showed that his thought process was linear and goal oriented, that he had fair insight and judgment, and that his recent and remote memory and concentration were intact and well-organized.  *Id*., (citing *id*., PageID.508).  February 2022 treatment notes showed a similar finding.  *Id*., PageID.511.

Plaintiff argues that the ALJ's assessment of Dr. Fachting's opinion is based in broad speculation and that he ignored several records refuting it. ECF No. 9, PageID.676 (citing ECF No. 5-1, PageID.331-332, 409, 420, 475, 516-17, 553-554, 592, 595-496).  But plaintiff does not explain how these records refute the ALJ's assessment.  And an ALJ need not discuss every piece of evidence in the administrative record so long as his opinion is supported by substantial evidence.  *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004).  While an ALJ must articulate his reasoning, he need not explain how he "considered each piece of

evidence." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, 2017 WL 168819, at 5858 (Jan. 18, 2017). Rather, the analysis need only allow the reviewing "court to trace the path of an [ALJ's] reasoning." *Id.*

And allegations like plaintiff's that an ALJ "cherry picked" the record are seldom successful because crediting them would require a court to re-weigh the evidence. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Besides, the ALJ did consider those records in other parts of his decision. *See* ECF No. 5-1, PageID.46 (addressing opinions at PageID.594-595). And some records plaintiff cites in fact support the ALJ's assessment that plaintiff's substance abuse was ongoing and affected his mental status. *See* ECF No. 5-1, PageID.408-410, 590-592, 594-596.

**3.**

The ALJ found Dr. Bogdayvone's opinion unpersuasive because it was not supported by her treatment notes. ECF No. 5-1, PageID.46. That finding was not error. *See Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 584 (6th Cir. 2010) (An ALJ may properly discredit a medical opinion that is not supported by the physician's own treatment notes).

11

Dr. Bogdayvone found that plaintiff exhibited a marked loss in his ability to complete a normal workday without interruptions from psychologically based symptoms; maintain concentration; follow a routine without special supervision; work in coordination with or in proximity to others without being unduly distracted; make simple work-related decisions; perform at a persistent pace; and respond to changes in a routine work setting.  ECF No. 5-1, PageID.518-519.  She also found that plaintiff frequently and constantly experienced deficiencies in concentration, persistence, or pace, resulting in a failure to complete tasks timely; and that he had repeated episodes of deterioration or decompensation in work settings, causing him to either withdraw or experience an exacerbation of symptoms.  *Id*., PageID.519.

Plaintiff argues that the ALJ failed to properly explain his reasoning for discounting Dr. Bogdayvone's opinion and that the ALJ improperly relied on only three mental status examinations.  ECF No. 9, PageID.677.  The ALJ did note that Dr. Bogdayvone found intact concentration during office visits in January, February, and June 2022.  ECF No. 5-1, PageID.47 (citing *id*., PageID.508, 511, 589).  But the ALJ also explained that plaintiff reported ongoing use of methamphetamine during the more recent exams when Dr. Bogdayvone found him to have poor or impaired concentration.

12

*See id.*, PageID.47, (citing *id.*, PageID.591-592, 594-596). And the ALJ concluded that plaintiff's conservative treatment refuted that plaintiff was as limited as Bogdayvone opined. *Id.*, PageID.47; *see also Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 638 (6th Cir. 2016) (an ALJ may discount a doctor's proposed limitations when the claimant received conservative treatment).

The Court finds no reversible error.

## IV. Conclusion

The Court **DENIES** plaintiff's motion for summary judgment (ECF No. 9), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 12), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 28, 2025

13

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2025.

                                      s/Davon Allen
                                      Davon Allen
                                      Case Manager